# EXHIBIT A

DEC 13 2018

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |

3546
3576

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| 37th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS<br>~~JOHN HALLACY~~ | 2018-3373-NO |

Court address: 161 E Michigan Ave., Battel Creek, MI 49014
Court telephone no.: 269-969-6518

**Plaintiff's name(s), address(es), and telephone no(s).**
Linda Aspinall, and
Donald Aspinall

v

**Defendant's name(s), address(es), and telephone no(s).**
Menard, Inc.

**Plaintiff's attorney, bar no., address, and telephone no.**
John T. Alexander (P43789)
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 290-5600

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where
it was given case number _____ and assigned to Judge _____
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date: 12-10-18 | Expiration date: 3-11-19 | Court clerk: ANNE B. NORLANDER |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| | |
|---|---|
| **PROOF OF SERVICE** | **SUMMONS** Case No. 2018-NO |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _MEDIATION - CIVIL - NOTICE_
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____, on behalf of _____
Signature

DEC 13 2018
3526

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF CALHOUN

LINDA ASPINALL, and
DONALD ASPINALL,

        Plaintiffs,

-vs-

MENARD, INC.,

        Defendant.

Case No. 2018-3373-NO

Hon. JOHN HALLACY

_____/

**JOHN T. ALEXANDER** (P43789)
Alexander & Angelas, P.C.
Attorneys for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600 / Fax (248) 290-5800
john@alexanderandangelas.com

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the above-named Plaintiffs, Linda Aspinall and Donald Aspinall, by and through their attorneys, Law Offices of Alexander & Angelas, P.C., complaining against the above-named Defendant, Menard, Inc. and states as follows:

## COMMON ALLEGATIONS

1.     That Plaintiffs, Linda Aspinall and Donald Aspinall, are residents in City of Hastings, County of Barry, State of Michigan.

2. That Defendant, Menard, Inc., has its principal place of business and/or conducts business in the City of Battle Creek, County of Calhoun, State of Michigan.

3. That the incident occurred in the City of Battle Creek, County of Calhoun, State of Michigan.

4. That the amount in controversy exceeds twenty-five thousand dollars ($25,000.00) exclusive of costs, interest, and attorney fees.

## COUNT I – PREMISES LIABILITY

5. That on or about November 25, 2016, Plaintiff, Linda Aspinall, was a business invitee of Defendant.

6. That on or about said date at said time, Defendant was in possession of or in control of the premises where the Plaintiff was injured as described herein.

7. That on or about said date at said time, Defendant's premises were open to the general public, and the general public was invited to its premises.

8. That on above mentioned date, it was a "Black Friday" shopping day at Defendant's premises and it was expected and foreseeable to have a high volume of shoppers.

9. That Defendant knew that many of the customers were using garbage cans as shopping carts.

10. That despite this knowledge, Defendant placed the extra stock of garbage cans on an elevated shelf.

11. That there were no garbage cans on the ground floor as they were all being used by customers as shopping carts.

12. That Plaintiff was interested in purchasing a garbage can and asked staff to get one down for her.



30200 TELEGRAPH ROAD, SUITE 400
BINGHAM FARMS, MI 48025-4506
P: 248.290.5600

ALEXANDER & ANGELAS, P.C.
ATTORNEYS AND COUNSELORS

2

13. That the staff disappeared for at least fifteen minutes in search of a ladder to get a garbage can for the Plaintiff.

14. That during that time a customer came to the area and wanted one of the garbage cans that were on the elevated shelf to use as a shopping cart and used a broom handle to knock the garbage can down which landed on the Plaintiff severely injuring her.

15. That when Plaintiff was injured at Defendant's premises, Plaintiff was without any knowledge of the dangerous and unsafe condition of its premises.

16. That on or about said date at said time, Defendant, its agents, servants, and/or employees owed duties to Plaintiffs to maintain its premises as a reasonably prudent person would do under same or similar circumstances, and in accordance with the common law in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

   a. after knowing of the dangerous and hazardous conditions existing on Defendant's premises, failed to correct same and/or warn of the dangerous condition;

   b. failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendant's premises;

   c. failed to repair and/or correct and/or warn of any hazardous, and/or dangerous conditions, of which the Defendant, its agents, servants, and/or employees had knowledge, or should have had knowledge, by a reasonable and proper inspection;

   d. failed to instruct all of its agents, servants and/or employees on the proper care and maintenance of its premises, and/or in the reporting of dangerous and/or hazardous conditions on Defendant's premises;

   e. failed to provide rules, procedures for periodic safety inspections for the discovery and/or correction of dangerous and hazardous conditions on Defendant's premises;

   f. failed to provide a safe and suitable place for Plaintiff, Defendant's invitee, to walk in safety;

3

  g. failed to construct Defendant's premises in a manner suitable and safe under the circumstances;

  h. that the Defendant negligently, carelessly and recklessly maintained the premises in a dangerous condition; and,

  i. other acts of negligence revealed by discovery.

17. That on said date, a dangerous and hazardous condition existed at Defendant's premises, to wit: placing garbage cans, which were being used by customers as shopping carts, on an elevated shelf knowing that customers would attempt to get them down.

18. That Plaintiff sustained personal injuries as a direct and proximate result of Defendant's negligence as alleged herein.

19. That as a direct and proximate result of the negligence of Defendant, as aforesaid, the injured Plaintiff:

  a. sustained severe bodily injuries which were painful, disabling and necessitated medical care;

  b. suffered shock and emotional damage;

  c. possibly aggravated pre-existing conditions and/or dormant conditions;

  d. was unable to attend to her usual affairs or render services as formerly;

  e. lost the enjoyments of pursuing a normal life; and,

  f. suffered a loss of past, present and future earnings and/or earning potential.

20. That as a direct and proximate result of the negligence of Defendant and the resulting injuries to Plaintiff, Plaintiff will incur past, present and future expenses for hospitals, doctors, x-rays, medicines, medical supplies and attention.

## COUNT II – ORDINARY NEGLIGENCE

Plaintiff reallege and incorporate by reference herein paragraphs 1 through 20 above as though more fully set forth herein.

4

21. That Defendant has a common law duty of due care to the Plaintiff.

22. That as stated supra, Plaintiff was injured on a "Black Friday" shopping day that had a high volume of customers.

23. That on this particular occasion, and on prior occasions, it was well known that customers used the garbage cans as shopping carts for their shopping.

24. That by placing garbage cans on an elevated shelf, it was foreseeable that customers would attempt to access them for use as shopping carts creating a dangerous condition to its customers.

25. That Defendant was well aware of the fact that customers would attempt to access its garbage cans located on the shelves thereby potentially causing an injury to one of its customers.

26. That as a proximate result of Defendant's negligence, Plaintiff suffered injuries as stated supra.

## COUNT III - CONSORTIUM

Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26 above as though more fully set forth herein.

27. That at all pertinent times hereto, the Plaintiff, Donald Aspinall, was the spouse of the Plaintiff, Linda Aspinall.

28. That as a direct and proximate result of the negligence alleged herein, Plaintiff, Donald Aspinall, was damaged by the loss of services, society, affection, advise, consortium, and earnings by reason of the injuries to his spouse.

29. That as a direct and proximate result of the negligence alleged herein, Plaintiff, Donald Aspinall, has expended or became liable for the payment of money for medical supplies, medical attention, and other expenses.

5

WHEREFORE, Plaintiffs, Linda Aspinall and Donald Aspinall, pray that this Court grant judgment against Defendant, Menard, Inc., in an amount in excess of twenty five thousand dollars ($25,000.00) together with an assessment of exemplary damages, costs, interest and attorney fees as allowed by law.

Respectfully submitted,

Law Offices of
ALEXANDER & ANGELAS, P.C.

By: _____
JOHN T. ALEXANDER (P43789)
Attorney for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 290-5600

DATED: November 29, 2018

## DEMAND FOR JURY TRIAL

NOW COME the above-named Plaintiffs, Linda Aspinall and Donald Aspinall, by and through their attorneys, ALEXANDER & ANGELAS, P.C., and hereby make formal demand for a trial by jury of the facts and issues involved in this action.

Respectfully submitted,

Law Offices of
ALEXANDER & ANGELAS, P.C.

By: _____
JOHN T. ALEXANDER (P43789)
Attorney for Plaintiffs
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 290-5600

DATED: November 29, 2018

OFFICE OF COURT ADMINISTRATOR / FRIEND OF THE COURT   3576

# THIRTY-SEVENTH JUDICIAL CIRCUIT OF MICHIGAN
# CALHOUN COUNTY PROBATE COURT

**KRISTEN L. GETTING**
*Circuit/Probate Court Administrator/*
*Friend of the Court*
*(269) 969-6523*

**MICHAEL L. JACONETTE**
*Chief Judge*



**MEGAN A. REYNOLDS**
*Chief Deputy Circuit Court Administrator/*
*Deputy Friend of the Court*

**CINDY K. RUDE**
*Probate Manager/Register*
*(269) 969-6794*

---

**MEDIATION**
**CIVIL**

1/1/2018

The 37th Judicial Circuit Court of Calhoun County is pleased to announce that mediation is now available. The judge assigned to your case believes that mediation is a valuable tool in resolving disputes, and you are invited to submit your case to mediation.

Mediation is a settlement process in which a trained mediator (an impartial person) helps people in conflict make practical, informed decisions to resolve issues before them. The mediator helps people examine their situation in terms of their interests and needs by asking questions, helping define issues and promoting open communication designed to assist in generating alternative proposals and solutions.

Our court has a list of approved individuals who serve as trained mediators. To be eligible to serve as a mediator, these individuals must meet certain education requirements and complete an approved training program that includes an internship of observing and being observed as a trained mediator. In addition, mediators must complete eight hours of advanced mediation training every two years to maintain eligibility.

Each approved mediator has been invited to provide the court with a brief biography which includes areas of practice and a fee schedule. A notebook containing submitted biographies is available in the ADR Clerk's office if you wish to review this information before selecting a mediator.

The court encourages you to consider the use of mediation as a means of resolving your dispute. Please review the attached information and be prepared to discuss the use of mediation with the judge assigned to your case.

If you have any questions or need additional information, please contact the ADR Clerk, Kim Furlong, at (269) 969-6523 or e-mail to kfurlong@calhouncountymi.gov.

Thank you.

NOTE:   The plaintiff must serve the defendant with a copy of this information at the time the summons and complaint are served.

Calhoun County Justice Center
161 E. Michigan Ave.
Battle Creek, MI 49014-4066
The Court is an affirmative-action, equal-opportunity employer.

# 37th Judicial Circuit Court - Calhoun County
## CIVIL MEDIATORS
July 12, 2018

All mediators on this list have completed the necessary educational and training requirements under Michigan Court Rule 2.411 and have been approved by the court to be appointed to conduct mediation sessions.

Please make all arrangements, including term and conditions, through the mediator you choose off this list.

| Name | Address | Phone | E-Mail | Rate |
|---|---|---|---|---|
| Tracy L. Allen P31973 | 44 First Street Mt. Clemens, MI 48043 | 586-979-6500 586-468-7016 | tallen@mediate.com | $425/hr |
| William M. Azkoul P40071 | 99 Monroe Ave NW, Ste 800 Grand Rapids, MI 49503 | 616-235-5500 616-235-5550 | wmazkoul@gmnp.com | $350/hour |
| Robert F. Best P10768 | 410 S. Jackson St. Jackson MI 49204 | 517-787-2620 517-787-1811 | rbest@bestlawpractice.com | $275/hour |
| Jose T. Brown P33926 | 503 S. Saginaw Street Flint, MI 48502 | 810-232-3141 810-232-1079 | jbrown@ccglawyers.com | $250/hour |
| Michael J. Caywood P59905 | 112 S. Monroe St / POB 7099 Sturgis, MI 49091 | 269-651-3281 269-651-3261 | mike@haascaywood.com | $235/hour |
| Stephen M. Denenfeld P29667 | 136 E. Michigan Ave., Ste.800 Kalamazoo, MI 49007 | 269.388.7600 269-553-1439 | sdenenfeld@lewisallen.com | $275/hour |
| Pamela C. Enslen P33368 | 401 E. Michigan Ave., Ste 200 Kalamazoo, MI 49007 | 269-276-8112 269-276-8312 | penslen@wnj.com | $300/hour |
| Byron P. Gallagher, Jr. P42996 | 2001 Abbott Rd East Lansing, MI 48823 | 517-853-1515 517-853-1501 | bpg@thegallagherlawfirm.com | $200/hour |
| Thomas D. Geil P 13902 | 395 S. Shore Dr., Ste. 308 Battle Creek, MI 49015 | 269-968-2215 269-965-7157 | tdgeil@hotmail.com | $200/hour |
| Joshua S. Goodrich (non-attorney) | 5955 W. Main St. Kalamazoo, MI 49009 | 269-312-7435 646-356-7044 | jsgoodrich@nvhusc.com | $180/hour |
| Peter D. Houk P15155 | 124 West Allegan Street Lansing, MI 48933 | 517-482-5800 517-482-0887 | phouk@fraserlawfirm.com | $300/hour |
| Dale Ann Iverson P35674 | JustMediation PLC PO Box 150156, GR MI 49515 | 616-560-2243 | daleiverson@justmediation.com | $220/hour |
| Jeannine E. Julien (non-attorney) | 7213 Pounds Court Howell, MI 48855 | 517-552-2442 | j9julien@gmail.com | $175/hour |
| Ron W. Kimbrel P32786 | 151 S. Rose Street, Ste 900 Kalamazoo, MI 49007 | 269-381-8844 269-381-8822 | rkimbrel@lennonmiller.com | 175/hour |
| Robb S. Krueger P66115 | PO Box 4010 Kalamazoo, MI 49003-4010 | 269-324-3000 269-324-3010 | rkrueger@kreisenderle.com | $300/hour |
| James E. Lozier P25384 | 215 S. Washington Sq, Ste 200 Lansing, MI 48933 | 517-487-4775 517-487-4700 | jlozier@dickinsonwright.com | $285/hour |

| Name | Address | Phone | Email | Rate |
|---|---|---|---|---|
| Paula K. Manis<br>P29995 | 2400 Lake Lansing Rd, Ste E<br>East Lansing MI 48912 | 517-485-0400<br>517-371-1211 | pkmanis@loomislaw.com | $295/hour |
| William K. Murphy<br>P31179 | 119 N. Church St., Ste 202<br>Kalamazoo, MI 49007 | 269-342-9900<br>269-342-0280 | williamkmurphy@sbcglobal.net | $250/hour |
| Patricia M. Nemeth<br>P37004 | 200 Talon Centre Dr, Ste 200<br>Detroit, MI 48207 | 313-567-5921<br>313-567-5928 | pnemeth@nemethlawpc.com | $375/hour |
| Thomas B. North<br>P33880 | 1387 N. State St., #11<br>St. Ignace, MI 49781 | 906-643-6348 | tudggy@charter.net | $100/hour |
| Dennis N. Powers<br>P24757 | 2254 E. Highland Rd.<br>Highland, MI 48356 | 248-826-8383<br>248-887-6455 | dennis@powerslaw.com | $300/hour |
| Kevin J. Roragen<br>P56510 | 124 W. Allegan St #700<br>Lansing, MI 48933 | 517-482-2400<br>517-583-8619 | kroragen@loomislaw.com | $260/hour |
| Mark A. Rysberg<br>P74446 | 49 Monroe Center NW, Ste 200<br>Grand Rapids, MI 49503 | 616-970-3783<br>888-863-7360 | mrysberg@hilgerhammond.com | $200/hour |
| Phillip A. Schaedler<br>P35047 | 201 W. Maumee Street<br>Adrian, MI 49221 | 517-263-2832<br>517-263-2941 | adratty@comcast.net | $200/hour<br>per hour |
| Keith A. Schroeder<br>P42303 | 410 S. Jackson St.<br>Jackson MI 49201-2217 | 517-787-2620 x3<br>517-787-1811 | kschroeder@bestlawpractice.com | $150/hour |
| Keldon K. Scott<br>P41570 | 605 S. Capitol Ave<br>Lansing, MI 48933 | 517-482-0222<br>517-482-9019 | kscott@mcipc.com | $275/hour |
| Daniel S. Stauffer<br>P74450 | P.O. Box 653<br>Jenison, MI 49429 | 616-690-8750 | dan@mediationarl.com | $250/hour |
| Brian D. Wassom<br>P60381 | 39400 Woodward Ave., Ste 101<br>Bloomfield Hills, MI 48304 | 248-566-8490<br>248-566-8491 | bwassom@honigman.com | TBD |
| David M. Wells<br>P26343 | 110 W. Colby St.<br>Whitehall, MI 49461 | 231-894-5631<br>231-894-2012 | DMWJD@aol.com | $230/hour |
| Charles H. Worsfold<br>P26949 | 2900 E. Beltline NE, Ste A<br>Grand Rapids, MI 49525 | 616-364-2900<br>616-364-2901 | cworsfold@bkvpc.com | $250/hour |
| Robert Wright<br>P32279 | 77 Monroe Ctr, Ste 507<br>Grand Rapids, MI 49503 | 616-682-7000<br>616-676-2772 | Bob@ThePeaceTalks.com | $250/hour |



# Mediation can help you resolve your dispute without going to trial.

This court encourages parties to try to reach a resolution of their dispute without a trial, either on their own, or through mediation. Mediation helps parties find solutions to their conflict and can be effective in general civil, probate, or domestic relations/family conflicts.

### What is mediation?
Mediation allows people to meet in a private setting where a neutral person (a mediator), helps them work out a solution to their problems.

The mediator is not a judge, and does not decide who is "right." The parties themselves make the choices that lead to a mutually satisfactory settlement.

### How does it work?
Each party describes the dispute from his or her own point of view and offers possible solutions. The mediator helps the parties to focus on the real issues causing the problem, and then helps them to find a workable solution. When the parties arrive at an agreement, the agreement is put in writing.

### How do I begin the process?
If you have an attorney, ask him or her about mediating your case. Your attorney can help you select a mediator, or you may contact a mediator or dispute resolution center directly (please see the box in the middle of this page). If the other party also agrees to try mediation, either the mediator or the dispute resolution center will schedule a mediation session.

### Are there cases that should not be mediated?
While many problems can be resolved in mediation, you can discuss with your attorney or a mediator whether or not the issues in your case can be mediated. Cases involving on-going domestic violence should almost never be mediated.

### What if parties don't speak English?
In many instances, bilingual mediators, translators or signers can be identified in cases where language presents a barrier to communication.

---

### How to find a mediator

A list of mediators who meet training qualifications established by the State Court Administrative Office can be obtained from the court. To obtain a copy of the list, please call the court and ask for the list of qualified mediators.

The Michigan Supreme Court supports a network of Community Dispute Resolution Program centers. These centers provide low cost mediation services in many types of disputes. To reach the center nearest you, call 1-800-8RESOLVE.

Additional information about mediation can be found at the Michigan Supreme Court website:
http://courts.michigan.gov/scao/dispute

---

### How does mediation affect my legal rights?
Whether or not you reach an agreement in mediation, your legal rights remain intact. You should know your legal rights before attending mediation. Mediators do not offer legal advice, represent parties, or testify at any subsequent hearings that may result if you do not resolve your case in mediation. You are always free to retain the services of an attorney to assist you.

### Why try mediation?
✓ **It works.** About 65% of all mediations end in agreement, even when other attempts to settle have failed.

✓ **It's affordable.** Parties generally agree to split the cost of a mediator. Low cost mediation is available through the Community Dispute Resolution Program, and if you cannot afford a mediator, you may qualify for free mediation services. Cases mediated early may avoid additional litigation costs.

✓ **It's quick.** If conducted early, mediation may result in settlement far quicker than waiting until near trial to settle.

✓ **It's private.** Almost everything disclosed during mediation is confidential and cannot be used in a lawsuit.

✓ **It's cooperative, not adversarial.** Mediation provides a comfortable, safe and respectful setting for discussion. It is not combative as court cases can become.

✓ **There's nothing lost by trying!**



SCAO 6/2004