UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LINDA ASPINALL and DONALD ASPINALL, <br> Plaintiff, <br> -v- <br> MENARD, INC., <br> Defendant. | No. 1:19-cv-27 <br><br> Honorable Paul L. Maloney |

## REMAND ORDER

Because Defendant Menard has not established the requirements for federal subject matter jurisdiction by a preponderance of the evidence, this action is **REMANDED** to the Calhoun County Circuit Court.

Plaintiffs Linda and Robert Aspinall filed this lawsuit on December 10, 2018. Defendant Menard was served on December 21, 2018.[1] Defendant filed its Notice of Removal on January 11, 2019. After reviewing the complaint and Notice, this Court issued an order requiring Defendant to submit evidence establishing that the amount in controversy exceeded $75,000. (ECF No. 5.) Defendant has since filed its answer to the complaint (ECF No. 6) and has submitted its response to this Court's order (ECF Nos. 8-9).

---

[1] In paragraph 2 of the Notice of Removal, Defendant states that its registered agent was served on December 10, 2018. (PageID.1.) If true, Defendant's removal was not made within 30 days. But, the statement in paragraph 2 is not accurate. Exhibit B to the Notice of Removal establishes that Defendant was served on December 21. (PageID.19.) The date stamp on the envelope sent by Plaintiffs' counsel to Defendant is December 17. (PageID.21.) And, Defendant correctly states the date of service of process in paragraph 5 of the Notice of Removal. (PageID.3.)

Defendant must establish the amount in controversy by a preponderance of the evidence. *Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Defendant acknowledges this burden in its response. (ECF No. 9 PageID.48.)

Defendant has provided no information about Linda Aspinall's injuries. The record does indicate how Linda was injured, but not what bodily injury was sustained. At the time of removal, Defendant had not conducted any discovery. The only information Defendant had was the information in the complaint, and a letter sent on April 17, 2017. The complaint describes Linda's injury in the vaguest of terms: "severe bodily injuries," "shock and emotional damage," "lost the enjoyments of pursuing a normal life," and "suffered a loss of past, present and future earnings." (ECF No. 1-1 Compl. ¶ 18 PageID.11.) The complaint requests judgment in excess of $25,000, the threshold amount for jurisdiction in a Michigan circuit court. In the letter sent almost two years ago, Plaintiffs' counsel indicated that, as a result of her injury at Menard, Linda Aspinall "required surgery to repair injuries she sustained, and is presently in physical therapy, and further evaluation and treatment by her health care providers." (ECF No. 9-1 PageID.52.) Based on this derth of information, the Court has absolutely no idea what injuries Linda suffered. The Court cannot state or even infer whether Linda suffered a heart attack, a head injury, a broken bone, a torn ligament, paralysis, or something else.

Defendant's other evidence does not establish with any certainty that Plaintiffs' injuries will exceed $75,000. With its response, Defendant has attached several reports summarizing jury verdicts and settlements. The Court notes that the various reports provide a number of facts about the injuries suffered by each plaintiff. In start contrast, the record in this case

contains NO facts about Linda's injuries.  Consequently, were the Court to conclude that the reports were indicative of typical outcomes, the Court cannot conclude that Linda's injuries are comparable to the injuries suffered by the plaintiffs in those cases.

Even of the Court concluded that the amount in controversy was satisfied for diversity jurisdiction, another problem remains.  Based on the pleadings, the parties are not diverse.  In the complaint, Plaintiffs plead that "Defendant Menard, Inc., has its principal place of business and/or conducts business in the City of Battle Creek, County of Calhoun, State of Michigan."  (ECF No. 1-1 Compl. ¶ 2 PageID.9.)  In its answer to the Complaint, to this assertion Defendant writes "The allegations in Paragraph 2 of Plaintiffs' Complaint are not contested."  For diversity jurisdiction purposes, a corporation is a citizen of any State in which it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Based on this response, under Rule 8(b) and for the purpose of this lawsuit, Defendant Menard, Inc. is a citizen of Michigan, as are Plaintiffs.

Accordingly, Defendant Menard, Inc., has not established federal subject matter jurisdiction and this lawsuit must be remanded to the Calhoun County Circuit Court.

**IT IS SO ORDERED.**

Date:  January 28, 2019                               /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge